USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVITIN

                      Plaintiff,

   -against-

ROTTENBERG et al,

                      Defendants.

7:25-cv-8524 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Joshua Levitin ("Plaintiff") filed this action against Defendants Rabbi Chaim Leibish Rottenberg, Beryl Friedman, Suri Friedman, Hon. Rachel Tanguay, Hon. David M. Ascher, Anna Kosovych, and John Does 1-10 (collectively, "Defendants") on October 15, 2025. (*See* ECF No. 1, Complaint.) Before the Court is *pro se* Plaintiff's application for a Temporary Restraining Order ("TRO") under Federal Rule of Civil Procedure 65, seeking to enjoin enforcement of Temporary Orders of Protection ("TOP") issued by the Rockland County Family Court and to restore custody of his minor children pursuant to an earlier order. (ECF No. 13 ("Mot."), amending ECF No. 5.) The New York State Attorney General, on behalf of Defendants, filed an opposition. (ECF No. 41 ("Opp.").) Plaintiff thereafter filed a reply. (ECF No. 42 ("Reply").)

    For the reasons set forth below, the Court DENIES Plaintiff's application for a TRO without prejudice to renew upon a showing that the Rooker–Feldman doctrine does not apply.

## BACKGROUND

    Plaintiff brings this civil-rights action under 42 U.S.C. §§ 1983 and 1985 against private individuals and state officials, alleging a conspiracy to deprive him of constitutional rights through

manipulation of state-court custody proceedings. (Mot. at 6–9.) He asserts that the Family Court issued and continues to enforce TOPs despite losing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, and that this ongoing enforcement causes irreparable harm to his children. (*Id*. at 14–16.) He asks this Court to "vacate all void and ultra vires TOPs" and "restore custody" to him under a prior 2023 order. (*Id*. at 20–21.)

## DISCUSSION

The Court denies Plaintiff's TRO because the *Rooker–Feldman* doctrine deprives it of subject-matter jurisdiction. Under the *Rooker–Feldman* doctrine, federal district courts lack authority to review or overturn state-court judgments where the federal plaintiff complains of injuries caused by those judgments and invites the district court to reject them. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies even where a plaintiff casts the challenge as a constitutional claim. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).

Here, Plaintiff's requested relief—to "vacate all void and ultra vires" Family Court orders and "restore custody" under an earlier decree (Mot. at 20–21)—squarely seeks to undo the effect of ongoing state custody determinations. The injury he identifies—the continued enforcement of Temporary Orders of Protection limiting his parental access—flows directly from those state-court orders. Because granting the TRO would require this Court to declare the Family Court's decisions void and reinstate a prior custody arrangement, the relief sought would function as appellate review of state proceedings. The Second Circuit has made clear that federal claims "inextricably intertwined" with state judgments, even if framed as constitutional violations, are barred. *Vossbrinck,* at 427. Accordingly, the Court concludes that it lacks subject-matter jurisdiction to

issue the requested injunction under *Rooker–Feldman*. Plaintiff's application for a Temporary Restraining Order is therefore DENIED without prejudice.

## CONCLUSION

Because *pro se* Plaintiff's requested relief would require this Court to review and invalidate state-court custody orders, the *Rooker–Feldman* doctrine bars jurisdiction, and the application for a Temporary Restraining Order is DENIED without prejudice to renewal upon a showing that *Rooker–Feldman* does not apply.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 5, mail a copy of this Opinion and Order to *pro se* Plaintiff at the address listed on ECF, and show service on the docket.

Dated:   November 13, 2025
        White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge