USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____1/8/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEVITIN

                          Plaintiff,

-against-

ROTTENBERG *et al*,

                          Defendants.

25 CV 8524 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Pro se Plaintiff Joshua Levitin ("Plaintiff") brings this action under 42 U.S.C. §§ 1983 and 1985 against private individuals and state judicial officers, alleging a conspiracy arising from New York State Family Court custody proceedings.

Before the Court is Plaintiff's renewed application for a Temporary Restraining Order ("TRO") pursuant to Federal Rule of Civil Procedure 65, seeking to enjoin enforcement of Temporary Orders of Protection ("TOPs") issued by the Rockland County Family Court and to restore custody of his minor children pursuant to an earlier state-court order. (Renewed TRO Mot., ECF No. 48.) Plaintiff characterizes the requested relief as "narrow" and "prospective," asserting that he does not seek review of any custody determination but rather seeks to prevent ongoing constitutional violations allegedly flowing from the continued enforcement of legally inoperative state-court orders. (*See* Pltf. Reply at 6, ECF No. 61.)

For the reasons set forth below, Plaintiff's renewed application for a TRO is DENIED.

## BACKGROUND

The factual background underlying this action is set forth in detail in the Court's November 13, 2025 Opinion and Order and is incorporated herein. (*See generally* Nov. 13, 2025 Opinion & Order, ECF No. 45.)

1

Briefly, Plaintiff challenges a series of TOPs and related custody determinations issued by the Rockland County Family Court in connection with ongoing domestic relations proceedings. (*Id*. at 2; *see also* Dfts. Opp. at 9, ECF No. 58-1.) Plaintiff alleges that these Family Court orders improperly restrict his custodial access to his minor children and that their continued enforcement has caused ongoing harm. (Renewed TRO Mem., at 17-19, ECF No. 52.)

In his renewed application, Plaintiff asserts that the Family Court lacked jurisdiction to issue or enforce the challenged TOPs due to alleged violations of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and purported inconsistency with an Appellate Division order to show cause. (*Id*. at 9-10, 14.) Plaintiff characterizes the challenged orders as "void" and "ultra vires" and seeks federal court intervention to vacate those orders and restore custody pursuant to an earlier state-court ruling. (*Id*. at 9.) The New York State Attorney General, appearing on behalf of the State Defendants, opposes the renewed TRO and adopts the arguments set forth in Defendants' pending motion to dismiss. (*See generally* Dfts. Opp.) Defendants argue that Plaintiff's renewed application remains barred by the *Rooker–Feldman* doctrine and, independently, fails under doctrines of sovereign immunity, judicial and quasi-judicial immunity, abstention, and the standards governing injunctive relief under Rule 65. (*Id.*)

## DISCUSSION

### A.  Plaintiff's Renewed Application Is Barred by the *Rooker–Feldman* Doctrine

Plaintiff's renewed application for a TRO must be denied because the Court lacks subject-matter jurisdiction under the *Rooker–Feldman* doctrine. Plaintiff seeks relief that would require this Court to review and invalidate state-court custody orders, and his renewed arguments—including his assertion that the Family Court's orders are "void" for lack of jurisdiction—do not cure the jurisdictional defect identified in the Court's prior Opinion. (Renewed TRO Mem. at 9–10, 14.)

Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that function as de facto appeals of state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies where a plaintiff complains of injuries caused by a state-court judgment and seeks federal relief that would require rejection of that judgment. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). This bar applies even when the plaintiff frames the challenge as a constitutional claim. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).

As the Court previously held, Plaintiff's initial TRO application sought relief that would require the Court to vacate the Family Court's Temporary Orders of Protection and restore custody pursuant to a prior state-court order. (Nov. 13, 2025 Op. & Order at 2–3.) The Court denied that application without prejudice to renewal upon a showing that Rooker–Feldman does not apply. (*Id*.) Plaintiff's renewed application seeks materially identical relief. (*See generally* Renewed TRO Mot.)

Although Plaintiff asserts that his renewed motion presents "new" jurisdictional facts, he has not demonstrated that the jurisdictional defect identified by the Court has been cured. *See Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. 2009). Plaintiff does not allege any injury independent of the state-court judgments, nor does he seek relief that would leave those judgments intact. Instead, he again asks this Court to vacate Family Court orders and restore custody. (Renewed TRO Mot. at 20–23.) As Defendants correctly observe, such claims remain "inextricably intertwined" with state-court custody determinations. (Dfts. Opp. at 24.)

Plaintiff's contention that the Family Court lacked jurisdiction under the UCCJEA does not alter the analysis. Federal district courts do not acquire jurisdiction simply because a plaintiff alleges that a state court acted without jurisdiction. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Allegations that a state court exceeded its jurisdiction are themselves challenges to the validity of the

state-court judgment and must be raised through the state appellate process, not collateral federal litigation. *Vossbrinck*, 773 F.3d at 427.

Plaintiff further argues that ongoing harm to his children or alleged constitutional violations warrant federal intervention. That argument misapprehends the doctrine. Where the injury complained of is caused by a state-court judgment, the existence of continuing or irreparable harm does not confer subject-matter jurisdiction. *Exxon Mobil*, 544 U.S. at 291. As the Court previously held, it may not weigh irreparable harm where jurisdiction is lacking. (Nov. 13, 2025 Op. & Order at 3.)

Accordingly, because Plaintiff's renewed application continues to seek federal review and nullification of state-court custody determinations, and because his renewed arguments do not identify an injury independent of those judgments, the Court remains without subject-matter jurisdiction under the *Rooker–Feldman* doctrine.

**B. Even If Jurisdiction Existed, Plaintiff Has Not Established Entitlement to Injunctive Relief**

Even assuming jurisdiction existed, Plaintiff has not satisfied the requirements for a TRO. A party seeking injunctive relief must demonstrate, among other things, a likelihood of success on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff contends that injunctive relief is warranted because Defendants acted unlawfully in enforcing Family Court orders. But as Defendants explain—and as Plaintiff's reply does not overcome—Plaintiff's claims against the State Defendants arise from judicial and quasi-judicial acts taken in the course of Family Court proceedings, which are shielded by absolute judicial immunity and quasi-judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Moreover, federal intervention is independently barred by the *Younger* abstention and the domestic relations doctrine, both of which counsel against federal interference in ongoing state

4

custody matters. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Plaintiff's attempt to reframe the requested relief as merely "prospective" does not alter the fact that the injunction sought would interfere with the enforcement and administration of state-court custody orders. (Pltf. Reply at 10-11.)

Because Plaintiff cannot demonstrate a likelihood of success on the merits, injunctive relief would be unwarranted even if jurisdiction existed.

## CONCLUSION

For the reasons stated above, and adhering to its prior Opinion and Order, the Court concludes that Plaintiff's application for a TRO seeks relief that would require this Court to review and invalidate state-court custody orders. The *Rooker–Feldman* doctrine therefore deprives the Court of subject-matter jurisdiction, and Plaintiff's application for a TRO is DENIED. In light of the pending motion to dismiss, the Court will not entertain additional motions at this time. The Court must first resolve Defendants' motion to dismiss before considering any further requests for relief.

As a reminder, the Court is in receipt of Defendants' motion to dismiss papers. Plaintiff's opposition papers shall be served (not filed) on or before February 13, 2026, and Defendants' reply papers shall be served on or before February 27, 2026. Defendants are directed to file all motion papers, including pro se Plaintiff's opposition papers, on the reply date, February 27, 2026.

SO ORDERED.

Dated: January 8, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

5